**This order is SIGNED.**

**Dated: December 22, 2025**

**PEGGY HUNT**
**U.S. Bankruptcy Judge**



*PREPARED AND SUBMITTED BY:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Capstone Consulting, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>CAPSTONE CONSULTING, LLC,<br><br>Debtor. | Bankruptcy No.  25-20752 (PH)<br><br>Chapter 7<br><br>The Honorable Peggy Hunt |

### FINDINGS AND CONCLUSIONS REGARDING PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The Court conducted a hearing on December 16, 2025 at 3:00 p.m. (the "Confirmation Hearing") to consider confirmation of the Plan of Liquidation Under Chapter 11 of the Bankruptcy Code dated October 23, 2025 [Docket No. 62] (the "Plan") filed by Capstone Consulting, LLC (the "Debtor").  Jeffrey Trousdale appeared at the

hearing on behalf of the Debtor and other appearances were noted on the record. Based upon: (a) the Order (i) Approving Disclosure Statement with Respect to Debtor's Plan of Liquidation, (ii) Establishing Voting Record Date, (iii) Approving Solicitation Procedures, Form of Ballot, and Manner of Notice, and (iv) Fixing the Confirmation Hearing Date and Deadline for Filing Objections to the Confirmation of the Plan [Docket No. 69] (the "Plan Procedures Order"), (b) the Plan, (c) the Disclosure Statement for Debtor's Chapter 11 Plan of Liquidation [Docket No. 63]; (d) the Certificate of Service pursuant to the Plan Procedures Order [Docket No. 71] (the "Solicitation Certificate of Service"); (e) the Ballot Tabulation Register [Docket No. 83] (the "Ballot Tabulation Register"); (f) the Declaration of Brent J. Lawyer in Support of Confirmation of Plan of Liquidation [Docket No. 84]; (g) the Memorandum of Law in Support of Confirmation of Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 85], (h) the representations of counsel at the Confirmation Hearing, (i) the evidence received at the Confirmation Hearing; it appearing that notice of the Confirmation Hearing and the solicitation of votes to accept or reject the Plan was in accordance with the Plan Procedures Order; the Court having independently reviewed the applicable law, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, THE COURT HEREBY FINDS AND CONCLUDES[1] as follows:

- A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1408.  Confirmation of the Plan is a core proceeding

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. Pro. 7052 and 9014(c).

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

4910-4521-4850, v. 2                               2

under 28 U.S.C. § 157(b), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules, the Plan Procedures Order and applicable law. No objections were timely filed to confirmation of the Plan. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules, the Plan Procedures Order, and applicable law, upon Creditors and Interest Holders entitled to vote on the Plan, and such transmittal and service were adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

C. <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, the Plan Procedures Order and applicable law.  Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125 and is entitled to the protections afforded by § 1125(e).

D. <u>Distribution</u>.  All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

4910-4521-4850, v. 2                                             3

in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, the Plan Procedures Order and applicable law.

E. <u>Creditors' and Interest Holders' Acceptance of Plan</u>.  The Plan establishes five Classes of Claims, and one Class of Equity Interests.  Classes 1 and 4 are deemed to have accepted the Plan because no Class 1 or 4 creditor voted on the Plan nor did any such creditor object to the Plan.  Class 2, 3, and 5 creditors that timely submitted ballots unanimously accepted the Plan by affirmative vote.  Class 6 Equity Interests are deemed to have rejected the Plan.

F. <u>Plan Complies with Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i.    <u>Proper Classification</u>.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests in each such Class.  The Plan properly classifies Claims and Equity Interests.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Equity Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

  ii.  <u>Specify Unimpaired Classes</u>.  There are no unimpaired Classes under the Plan.  All Classes of Claims and Equity Interests are impaired. Thus § 1123(a)(2) is satisfied.

  iii.  <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 6 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims and Equity Interests, thereby satisfying § 1123(a)(3).

  iv.  <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

  v.  <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, the Plan provides for a Liquidating Trustee to administer the resolution of all claims and distribute the Debtor's net assets to creditors and interest holders whose claims and/or interests are allowed.

  vi.  <u>Corporate Charter Provisions Inapplicable</u>.  Section 1123(a)(6) is satisfied because the Liquidating Trust Agreement specifically provides that the Liquidating Trust shall not issue nonvoting equity securities or securities of any type.

  vii.  <u>Selection of Post-Confirmation Manager</u>.  The identity and affiliations of the Liquidating Trustee is disclosed in the Disclosure Statement and the Plan.  Further, provisions in the Plan regarding the selection of the

    Liquidating Trustee are consistent with the interests of creditors and interest holders and with public policy. Thus, § 1123(a)(7) is satisfied.

 viii. <u>Payments from Future Income of the Debtor</u>. The Debtor is not an individual, and thus § 1123(a)(8) does not apply.

 ix. <u>Additional Plan Provisions</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1123(b).

 x. <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

G. <u>The Plan and the Proponent Complies with the Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

 i. The Debtor is a proper proponent of the Plan under § 1121(c).

 ii. The Debtor complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

H. <u>Plan Proposed in Good Faith</u>. The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the

Bankruptcy Case and the formulation of the Plan. Among other things, the Court finds:

    i. the Debtor filed the Bankruptcy Case, and proposed the Plan, for a valid purpose;

    ii. neither the Bankruptcy Case nor the Plan were filed as a litigation tactic or for delay;

    iii. the Debtor has been, and is, actively prosecuting its Bankruptcy Case;

    iv. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    v. the Plan contemplates full payment of Allowed Claims in Class 3, 4, and 5, and distributions to holders of Allowed Claims in Class 2;

    vi. the Debtor should have sufficient liquidated funds to fully implement the Plan;

    vii. this is not a case involving a single creditor;

    viii. the Debtor has a reasonable possibility of successfully implementing the Plan and making distributions to holders of Allowed Claims; and

    ix. the Plan is feasible and practical, and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

I. <u>Payments for Services or Costs and Expenses</u>. Any payment made or to be made under the Plan for services or for costs and expenses in or in connection

with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying § 1129(a)(4).

J. <u>Manager of the Reorganized Debtor</u>.  The Plan and the Disclosure Statement identify Managing Member Brent J. Lawyer, as the initial Liquidating Trustee.  The service of Mr. Lawyer as the post-Effective Date Liquidating Trustee of the Debtor's Estate is consistent with the interests of the holders of Claims and Interests and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

K. <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

L. <u>Best Interests of Creditors Test</u>.  Because Classes 1 and 4 are deemed to have accepted the Plan, and Classes 2, 3, and 5 accepted the Plan by unanimous affirmative vote, the Plan satisfies § 1129(a)(7)(i) with respect to all Claims.  Further, the Debtor has demonstrated that all holders of Claims and Interests will receive or retain property of a value not less than what such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

M. <u>Acceptance by Requisite Classes</u>.  All Classes are impaired; and Classes 1 and 4 are deemed to accept the Plan and Class 2, 3, and 5 creditors who timely voted unanimously voted in favor the Plan.  Class 6 is addressed below.  Therefore, § 1129(a)(8) is satisfied with respect to Classes 1-5.

N. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan satisfies the requirements of § 1129(a)(9).  Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims will be paid as mandated by § 1129(a)(9).

O. <u>Acceptance by at Least One Impaired Class</u>.  Classes 1 and 4 are deemed to have accepted the Plan, and Classes 2, 3, and 5 affirmatively accepted the Plan.  Therefore, there is at least one impaired accepting Class, and § 1129(a)(10) is satisfied.

P. <u>Feasibility</u>.  The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor, excepting the liquidation specifically contemplated under the Plan.  The Plan offers a reasonable prospect of success and is workable.

Q. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

R. <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtor has no obligation to pay retiree benefits subject to § 1114.

S. <u>No Domestic Support Obligations</u>.  The Debtor is not an individual and thus has no domestic support obligations.  Therefore § 1129(a)(14) is not applicable.

T. <u>Projected Disposable Income</u>.  The Debtor is not an individual and thus the disposable income test of § 1129(a)(15) does not apply.

U. <u>Transfers Will Comply with Nonbankruptcy Law</u>. The Debtor is not a not-for-profit entity, and therefore § 1129(a)(16) is not applicable.

V. <u>Fair and Equitable; No Unfair Discrimination</u>. Class 6 is deemed to have rejected the Plan. Therefore § 1129(a)(8) is not met, but the Plan may nevertheless be confirmed under § 1129(b). Class 6 Interests will receive no distributions under the Plan and will be cancelled as of the Effective Date. There is no "unfair discrimination" with respect to this Class which is properly classified in its respective priority as provided in the Bankruptcy Code. Bankruptcy Code § 1129(b)(2)(C) is satisfied with respect to this Class because no interests junior to the Equity Interests in Class 6 will receive or retain any property under the Plan because there are no such junior interests.

W. <u>No Other Plan.</u> No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

X. <u>Principal Purpose of Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Plan satisfies the requirements of § 1129(d).

In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **FINDINGS AND CONCLUSIONS REGARDING PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE.**

**By Electronic Service**:  I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing document through the CM/ECF system:

- **Eric Glenn Davis**     eric.davis@cachecounty.gov
- **Nathan S. Dorius**     ndorius@mbmlawyers.com, awilliams@mbmlawyers.com
- **George B. Hofmann**     ghofmann@ck.law, mparks@ck.law;enilson@ck.law
- **Taylor R Jones**     tjones@utahattorneys.com
- **Reid W. Lambert**     rlambert@strongandhanni.com, cjohnson@strongandhanni.com
- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**     melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

**By U.S. Mail**:  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐     None

☒     Other:
**Joshua Gifford**
Rocky Mountain Advisory
15 W South Temple, Suite 500
Salt Lake City, UT 84101

☐     All parties on the Court's official case matrix.

/s/ George Hofmann